12-4059-cv
Milich v. State Farm Fire & Cas. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand thirteen.

PRESENT: GERARD E. LYNCH,
                RAYMOND J. LOHIER, JR.,
                SUSAN L. CARNEY,
                          *Circuit Judges.*

_____

MARVIN MILICH,

                    *Plaintiff - Appellant*,

        v.                                    No. 12-4059-cv

STATE FARM FIRE & CASUALTY CO.,

                    *Defendant - Appellee*.

_____

FOR APPELLANT:        PETER ARCADIO ROMERO, Frank & Associates, P.C., Farmingdale, N.Y.

FOR APPELLEE:         LUKE A. CONNELLY, Winston & Strawn LLP, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York

(Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 28, 2012 judgment of the district court is AFFIRMED.

Plaintiff-appellant Marvin Milich appeals from the judgment of the district court entered September 28, 2012, dismissing his amended complaint with prejudice. Milich alleges that defendant-appellee State Farm Fire & Casualty Company ("State Farm") violated New York General Business Law § 349 by materially misleading Milich into believing that the Workers Compensation endorsement ("the Endorsement") to his State Farm homeowners' insurance policy provided coverage for domestic workers.[1] As a result, Milich was forced to pay his own defense costs when his part-time housekeeper filed a workers' compensation benefits claim for a work-related injury sustained while employed by Milich.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed the amended complaint for failure to state a claim, concluding that the Endorsement was not misleading. We review the dismissal de novo, considering "the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co., 701 F.3d 39, 42 (2d Cir. 2012) (internal quotation marks omitted). We presume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

"To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the

---

[1] While Milich's amended complaint also alleged breach of contract and sought a declaratory judgment, Milich did not oppose State Farm's motion to dismiss these causes of action below, and does not contest their dismissal on appeal.

2

plaintiff was injured as a result." Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009). "Deceptive acts are defined objectively [ ] as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." Id. (internal quotation marks omitted).

Milich alleges that the Endorsement was materially misleading because a reasonable consumer would have understood it to provide coverage for domestic workers working fewer than 40 hours per week. The Endorsement, titled "Workers Compensation Selected Residence Employee," stated that State Farm would pay for injuries sustained by covered residence employees. It included the following definition:

> Residence employee as used in this endorsement means your employee who is *both*:
>
> (a) engaged in regular employment of less than 40 hours per week or is engaged in casual employment, *and*
> (b) defined under the New York Workers Compensation Law as an employee for whom workers compensation benefits must be provided.
>
> *This endorsement does not constitute a voluntary election of coverage*.

(Emphasis added). The New York Workers' Compensation Law does not require employers to provide compensation for domestic employees that they employ for fewer than 40 hours per week, with very limited exceptions that do not include Milich's housekeeper.[2] Milich alleges that because a "reasonable consumer is unlikely to know that [New York Workers' Compensation Law] excludes domestic employees who work less than forty hours per week," the Endorsement is misleading.

---

[2] See N.Y. Workers' Comp. Law. § 10(1) (requiring compensation for employees); § 2(4) (defining "employee" as not including domestic servants except as provided in § 3); § 3(1) (listing domestic workers employed by an employer for a minimum of forty hours per week).

Milich's ignorance of New York Workers' Compensation Law does not render the Endorsement misleading. Section 349 "does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 745 (N.Y. 1995). The Endorsement clearly states that it covers domestic workers who are both employed for fewer than 40 hours per week and are required to be covered by New York law, thus incorporating into the definition of residence employee the terms of the New York statute. A policyholder who declines to read the readily accessible provisions referred to cannot claim to have been misled. Haber v. St. Paul Guardian Ins. Co., 137 F.3d 691 (2d Cir. 1998), on which Milich relies, is not to the contrary. There, we held that the endorsement at issue was ambiguous because it "did not clearly articulate . . . that the Endorsement itself [did] not constitute a voluntary election of coverage." Id. at 699. Here, in marked contrast, the Endorsement specifically stated that it did not constitute a voluntary election of coverage, and therefore was not ambiguous, much less materially misleading.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4